Western Arkansas, PIRS Capital v. Renee Williams et al. May it please the court. Good morning. I'm Gary Martz. I'm here for the appellant PIRS Capital. And this case is about a default judgment that was entered after service was completed and the district court concluded after hearing the testimony that was presented and looking at the record that was presented to it that service, and this is a quote from the district court's opinion, service was to the wrong person at the wrong address under federal rule of bankruptcy procedure 7004B3. To the wrong person at the wrong address. And in fact reached the right person at the wrong address, so there was notice. No sir, that's not correct. It was sent to the wrong person. It reached the entity. It reached someone who worked for the entity who was not a registered agent for service of process, who was not the person who was designated to receive process. It was a person who worked for the company, the mail came to him, because it was addressed, and because it was addressed to the wrong person, the company's policy was that it was to be forwarded to the person to whom it was addressed, who was a former officer, who's gone. But because of that, there was no notice. The facts, the undisputed facts here show that Piers Capital did not know about the adversary proceeding until two years after the default judgment was entered when it received a different notice in the underlying bankruptcy case that led it to investigate the proceedings and it found out about the adversary proceeding and it found out about the default judgment. The issue presented here for the court is fairly simple and fairly straightforward. The bankruptcy court did not have personal jurisdiction over Piers Capital because service was improper. And because the bankruptcy court did not have personal jurisdiction over Piers Capital, the default judgment is void. It should be set aside. I want to start by addressing... It seems to me one should start on this jurisdiction issue with the issue that the Supreme Court noted quite dramatically in Espinoza, but didn't resolve. Federal courts, considering Rule 60b-4 motions that assert a judgment is void, generally have reserved relief to jurisdiction. I submit that should be the law. Am I wrong? Your Honor, I think that that is in the context of the requirement that a plaintiff serving process on a defendant follow the rules that set up the requirements for the plaintiff for perfecting service of process. That improper service is improper service. I didn't hear a yes or no before you resumed your argument. Yes, Your Honor. I think the answer is no. That is not the rule that applies in the context. Because we're in the bankruptcy rules and not the federal rules? No, sir, Your Honor. I think it's... Because the Supreme Court wrongly summarized the prevailing law or because you think they were forced to... No, sir, Your Honor. I need one second, Your Honor. The issue here, Your Honor, is that in cases in the past where there have been issues over whether service of process was in compliance, whether it's the rules of bankruptcy procedure or whether it's the rules of civil procedure, when a party serving process does not follow the rules, there is no jurisdiction over the party being served. That has been the holding of this court. In cases in the past, we've cited cases... Have we ever stated that categorically with recognition of the Espinoza and the First and Second Circuits that it's cited in support of that? Well, Your Honor... And said that that's all wrong? No, I don't think that the court has said that Espinoza's wrong. But I want to try to distinguish Espinoza, and I should have done this better. Espinoza is a different sort of case from this one because Espinoza did not involve an adversary proceeding. Espinoza involved... Sorry, it didn't involve what counsel? It didn't involve an adversary proceeding. Espinoza involved the question of whether there was jurisdiction in the bankruptcy case itself. That case doesn't have anything to do with the service requirements for an adversary proceeding. So I think Espinoza's utility to the court here is somewhat limited because Espinoza deals with the question of, is there jurisdiction? That's the decision when they went on. I'm talking about the dicta at the front end, which I read as a common sense interpretation of the categorical assertion that improper service of process means that to which... And when a final judgment follows, that judgment is void as a matter of collateral attack, anytime, anywhere, forget it judiciary, however many resources you spent getting there. I don't think... To me, Espinoza's dicta, but it was holding apparently in the cases it cited, is exactly where the law ought to be. Why not? Well, that dicta I don't think overrules this court's previous holdings, including... If we've never addressed it, I would say it casts very substantial doubt in categorical in our cases. I didn't recognize that. I think that the court has been fairly categorical, including the Adams versus Allied Signal case that we cited in the briefing, that simply having notice... I wrote that. I can't remember what it involved, but I'm sure it did not involve this issue. I believe you wrote that opinion, Your Honor. It didn't involve this issue. It didn't involve this particular issue, but the issue that it did involve, and I think the reason why it is relevant here, is that the court said in that case, as it has said in other cases as well, that simply having notice of a proceeding is not sufficient. But you see, the problem is judgment is void. And viewed in its most extreme, the word void means it never existed. And that is strong medicine that I don't think the Supreme Court lightly applies in this or any other context. And I know my Adams case was not voiding a judgment long in place on subjecting it to collateral attack that disrupted gosh knows how many interests in the meantime, or alliance interests in the meantime. I think that your position is... I don't think you need the position that you've started out briefs and argument, saying we have no choice here. And I say, my colleagues may think that's a perfectly good argument, but you lose me. I think that there is an issue of fairness involved here with this is a default judgment. You mentioned... The 60B6 argument I thought was better until I read the Supreme Court's explanation for countervailing law. In terms of what... In terms of the consequences for failing to serve a party properly, that's just what the cases say, is that if you fail to serve someone, you have failed to establish personal jurisdiction in the court, and any judgment that results is void. That consequence falls... Yeah, if the objection is timely raised, no question. There would... Your Honor, I think if there was a... If there had been an opportunity to raise the objection timely, we probably wouldn't be in the situation where there would be a default judgment. There were multiple... There were years of opportunity. There was no opportunity. There were all kinds of pleadings ignored. There were no pleadings ignored, Your Honor. There was no service. Pierce Capital, it's undisputed in the record, Pierce Capital had no awareness of the adversary proceeding until two years after the default judgment. No subsequent pleadings in the adversary case communicated to your client. Well, there were not... There were not pleadings in the adversary proceeding after the default judgment. The default judgment sat for two years. I think there's a gap in the docket, and this is in Appendix 4 and 5. There's a gap in the docket from February of 2018 to December of 2020, when Pierce Capital, in an appearance in the adversary proceeding and asking to reopen it to challenge the default judgment. So there wasn't anything served on them after that. They were not aware of the default judgment until October of 2020 when they received... Well, my summary here says, Pierce believes a mail was forwarded to Parcel Recompany Policy numerous subsequent court documents mailed to the same address over six months and not returned as undeliverable. That means the same wrong address that got to the right unit in the apartment or commercial building. The testimony was... I was a mailman many, many, many years ago, and I know exactly how hard mailmen cry until the Postal Service time limit runs to get misaddressed mail to the right place. And when it's different units in an apartment or a commercial building, there's no question they're going to get there in a good functioning post office. The testimony was, Your Honor, that the notice that reached Pierce Capital that finally gave it some notice that there was... that gave it reason to look into this and find... I'm talking about the subsequent documents now. Where did they go? I don't know where they went. I don't believe there's anything in the record about those reaching Pierce Capital. I think there's no dispute that they were mailed. I don't think that there's any evidence that they reached Pierce Capital. The testimony that Pierce Capital, Mr. Mallinger provided at the hearing was that they had not received anything until they returned to the office in October 2020 from a COVID closure that had lasted several months. And they received a notice in the bankruptcy... the underlying bankruptcy proceeding at that point. Procedurally, this was a multi-year relief from the judgment, right? Yes, sir. That's how... All the affirmative evidentiary burdens were on your client. That's correct, Your Honor. But in the affirmative, the evidence that was presented was that they did not know about anything that had happened. And there was nothing to the contrary in the record. They did not know about this proceeding until October of 2020 when they received... Wait, wait, wait. Apparently, it leaked into the record that many documents were attempted to be served the way the first one was. And they were not returned on deliverable. I understand that, Your Honor, but there is... I think I would have said to the judge hearing this argument, where's your affirmative evidence refuting that? It's not in the record, Your Honor. No, I think that's... It's not in the record. ...a problem for you. What the record does show, what the record does show though, and I think that there's no dispute about this, service of process in the adversary proceeding was to the wrong person at the wrong address. There's no question about that. There were other options for serving peers capital. It didn't have to be done this way through mail. And they simply didn't do it. And it didn't reach them. And they didn't know about the adversary proceeding. What's the wrong person? How was he somehow designated? Other than in the proof of claim. He signed the proof of claim. He is listed in a New York Secretary of State record, not as a registered agent. If you look at that record in the record, if you look at that New York State printout from the New York Secretary of State's website, it has a box for registered agent. It says none in the box that says registered agent. The man who was listed, Alexander Parsall, Mr. Parsall was listed as the person to whom the New York Secretary of State would forward process if service was through the New York Secretary of State. He was not listed as a registered agent. You adopted that in the proof of claim. That's not the way proofs of claims work, Your Honor. Proof of claim is a request for notice under the bankruptcy code. It's not a request for service of process. Yes, but if I had been a trustee, so if I ignore Parsall, so now we just have service to the wrong address? Or what should they have done? They should have. They had nobody named. They had opportunity. They could have contacted Pierce Capital and asked who a managing agent was or the person to whom service of process should be directed. That wasn't done. There were opportunities to find that information, and it simply wasn't done. They just used this record, which at the point when it was used . . . What if they just sent it to the wrong apartment or unit of the building? If they had just mailed . . . Well, you can't do that under the Federal Rules of Bankruptcy Procedure because Rule 7004B3 requires that it be sent to a managing agent, list other . . . They're not jurisdictional. They're not, but the cases . . . They're arguing as though they are, but the Supreme Court has said they're not. The cases interpreting the rule in the various bankruptcy courts have interpreted it as requiring it be addressed to someone who fits the bill and the rule. The cases where a plaintiff in an adversary proceeding has directed it to no one, where they've just sent it to a company or where there's just nothing listed there, those have been found insufficient. That's insufficient service of process because it doesn't follow the requirements of the rule. By what U.S. Circuit Court? I don't believe there is a circuit court, Your Honor, that has held that. That's where you are now, and you argue jurisdiction and void judgments, and you get a different jurisprudence. We argue with the authority we have, Your Honor. Any further questions? Thank you. Thank you. Ms. Thalheimer? May it please the Court? The trustee in this case followed a federal rule of bankruptcy procedure 7004B3. She mailed it to Pierce Capital at the address Pierce Capital provided to the person authorized to sign on behalf of Pierce Capital in the bankruptcy case and the only agent available through public records looking at the New York Department of State records. Not only did she follow the rule, the summons complaint actually ended up at Pierce Capital. The fact that Pierce Capital mishandled it upon receipt doesn't negate the fact that she complied with the rule. There are several cases that find that the person authorized to sign a proof of claim on behalf of an entity is appointed agent. You don't have to be a registered agent. You don't have to be an officer. You don't even have to be the managing partner, which Mr. Parcell was identified as in the proof of claim. Are those all bankruptcy court cases or do you have anything other than that? As far as appointing the agent, those are all bankruptcy cases. One of which is an Arkansas bankruptcy case, which our trustee being located in Arkansas, it follows that she would rely on that case. Additionally, the proof of claim identifies suite 1607 as a correct address in two different places. One where notices should be sent and one where Mr. Parcell signed on behalf of the company. Additionally, there is a spot where you can put an address where you want payment sent. That's the main reason people will file a proof of claim. They want to get paid by the estate to the extent their assets. If that address is separate from the notice address, you'll fill in that address. In this case, that was left blank. The 1607 address was expressly designated as the address twice. It was implicitly designated as the address once through the silence. Going back to Mr. Morris' argument that none of the following notices sent by the bankruptcy court in connection with this adversary proceeding, that none of those were received. All that was testified to is they didn't believe it, that they had received it. There is a presumption in bankruptcy that service is complete, whether it's a summons and complaint or it's a notice, it's complete upon mailing. That's Federal Rule of Bankruptcy Procedure 9006E. As soon as it's put into the mail, if it's properly addressed, it's presumed delivered. If it's a wrong address, the presumption isn't destroyed. It is weakened, but it's not destroyed. In STM Enterprises Inc., which is a Vermont case, that site is 94BR329. The debtor used an address that was in the schedules that the debtor provided for the creditor. It was off by one digit in the zip code. The creditor had received mail at that address despite the incorrect zip code, but a notice of claims bar went to that address and the creditor claimed not to have received it. The creditor didn't file his proof of claim within that deadline and moved belatedly for an extension of time to file that proof of claim. The court noted that it was a wrong address, but that it wasn't sufficient for the creditor to say, I didn't receive it. It was a weakened presumption of delivery, but it was not defeated. The court looked at the fact that the zip code was only off by one digit. Other mail had made it to the creditor at that address. Counsel, I'm sorry to interrupt your factual presentation, but I have a basic question. Is a judgment entered when the bankruptcy rules with regard to service are not followed? Is it void, or is it void only if due process is not satisfied? I would argue that it is void only if due process is not satisfied, because by filing a proof of claim, you're submitting to the jurisdiction of the bankruptcy court for everything dealing with that proof of claim. That includes counterclaims relating to... Generally speaking, if we leave to one side the business of the proof of claim, what the One of the questions I have back is whether it involves the same debt. I'm not sure. I can't figure that out from the record, whether the proof of claim and the clawback involve the same debt or not, and whether it's a counterclaim or a set-off. But anyway, we're leaving that to one side. If the rules are not followed, does that mean that the judgment's void, or does it just if looking at the whole situation, due process has been violated? If there is arguably a basis for personal injurisdiction, as Judge Logan pointed out, and due process was followed, notice reasonably calculated to apprise the party of the pending action and give them an opportunity to respond. So your 12B4 argument requires due process to have been avoided? There must be no basis for jurisdiction and no basis for due process. Is that a due process argument? Yes, Your Honor. A constitutional argument. Yes, Your Honor. Okay, thank you. Again, based on the presumption, we know for a fact that the summons and complaint made it to Pierce Capital. Their procedure for forwarding mail that was addressed to Pierce Capital and then to the attention of someone in their official capacity with Pierce Capital should have put someone on notice that this is official business. This is not to be taken lightly and just forwarded on to Parcel. It wasn't addressed to Parcel as an individual. Beyond that, we know that the mail made it despite the incorrect suite number. The bankruptcy court sent several notices, one for a status hearing, one for a hearing on the trustee's motion for default judgment, one for a continued hearing on the default. Then there was the actual entry of the default and then the order that granted default judgment. The presumption is even though the suite number may have been wrong, it was not wrong to a degree that we can count out the fact that Pierce still could have received it. Notices sent by the bankruptcy court would have just been directed to Pierce. The fact that Pierce didn't pay attention to these notices, and they haven't rebutted the presumption that they received these notices, they didn't come back undelivered. In 2020, when the motion to reopen on an expedited basis was filed, and it was sent to the suite 607, it did come back as undelivered. It tends to indicate that for at least a period of time, items sent to Pierce at its old address were somehow being routed to its new address. Again, Pierce had more than enough opportunity to open its own mail and respond. That's USPS policy. I'm sorry? Well, that's 6 or 12 months. That's their policy. That's enforced by the clerks of the local post office. And that having moved, that's a good policy. Up until then, it goes to the carrier who's got that route. Yes, Your Honor. And the carrier knows. Yes, Your Honor. Doesn't know parcel, but the carrier knows the unit number. And it knows of the change. It gets it done. Yes, Your Honor. And I would argue that just the statement by Mr. Malinger during the hearing on this matter, that he didn't believe they had received it, is not sufficient to show they didn't receive the several notices. And they've admitted that they received the summons and complaint. They just forwarded on. I'm interested in the strict compliance argument. Only appellate court cited is the Ninth Circuit BAP. Is there any other appellate, particularly a circuit court, that has endorsed that strict compliance notion? Courts do say strict compliance, but when they are discussing that, they're discussing it in, with the cases that I've found, they're discussing it in relation to. My first question was what court? Yes, Your Honor. I know that you can, I'm sure there's 25 bankruptcy courts that have followed the Ninth Circuit BAP. First BAP in the land. Yes, Your Honor. So, in the Ninth Circuit BAP case, I believe you're referring to Villar? Villar, yes. Yes. So, it did notice, or it did state about the strict compliance with 7004B3. But it also says that the standards for service on corporation are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has actual notice. Again, peers received actual notice. They just forwarded it on to Mr. Parcell for reasons only peers can explain. But the strict compliance means you must send it to an officer managing a general agent or an agent appointed by law or by appointment. And the split among the courts is whether that means you need to also identify an individual or if it's sufficient just to say send it to the managing partner. If the trustee had merely sent it to peers' capital attention managing agent, if peers didn't respond timely, I imagine we would be late. Are those collateral attack cases or are they cases where there was a timely charge, a timely raising of the issue, pre-judgment? Some of them are. Or besides, you know, you didn't do it right. For the majority, they're that you didn't do it right and it's not to set aside. So they're, I would say, almost irrelevant here. Well, I think that they're relevant in showing what steps you have to do to They're relevant to arguable jurisdiction. Well, but the peers' argument is that there was insufficient service of process and that's why there wasn't personal jurisdiction. If you follow the service rule, you can't have done insufficient service of process. And in this case, the trustee followed the rule. How strict does the compliance have to be? In this case, there was at least arguable compliance, I would say. I would argue in this case, it was strict compliance. She sent it to the agent. They identified an address. And again, I would go back to the fact, it does matter that peers filed a proof of claim in this case. They have submitted to the personal jurisdiction of the bankruptcy court when it comes to matters dealing with the proof of claim. The trustee's complaint was one I'll stop you there. You're suggesting that somehow voluntary participation in the bankruptcy case, which, of course, bankruptcy court has jurisdiction, is a concession of jurisdiction over any adversary proceeding that involves you? I doubt you'll have a case for that. No, Your Honor. I'm not suggesting that at all. I'm saying that you are submitting to the bankruptcy court's jurisdiction when it comes to that claim. In 28 U.S.C. 157 B2C, they describe claims by the estate relating to the claim as counterclaims. And that's in 28 U.S.C. 157. There are counterclaims in the bankruptcy case and there are adversary proceedings. Yes, Your Honor. Are you only talking about the former? No, Your Honor. What I'm saying is that arguably there is personal jurisdiction. You've consented to personal jurisdiction over any matter dealing with the claim. The trustee doesn't have to serve you with an adversary complaint? Yes, Your Honor. You would still need to serve. Service requirements are to be liberally construed if there is arguably a basis for jurisdiction. By filing the proof of claim, you are opening yourself up to counterclaims dealing with that proof of claim. The complaint was one for preference, but also to disallow Pierce's claim. I don't understand opening up an adversary complaint as a separate civil proceeding. Yes, Your Honor. You're opening up in the sense that they're going to happen. Your Honor, I guess, again, if you file a proof of claim, you know that there is a possibility that the estate is going to fight that claim. And the court would have personal jurisdiction. I'm not saying that service of process also doesn't have to occur. In this case, service of process did occur. Was this the same debt? Yes, Your Honor. So, I mean, why couldn't the trustee have simply bought the claim? Part of her complaint was to disallow the claim, but she also believed she had a cause of action against them for receiving money in the same transaction. The basis for the claim is cash advances by Pierce Capital. They received repayment within the 90-day period. So, the entire complaint is based on the same thing as their proof of claim. And all I'm saying is she still had an obligation to follow the 7004B3. I'm not arguing that. I'm not quite sure why it couldn't just have been herself. She also sought to disallow the claim. And that's in the caption of the complaint. And service of process was proper in this case. Pierce had a full and fair opportunity to participate had they chosen to open any of the mail sent by the trustee or the court. For those reasons, we would ask that the court affirm the Bankruptcy Court's decision. Thank you. We'll give you a minute for rebuttal. I want to touch in the brief time that I have on this issue of the comment that was made about filing a proof of claim, opening yourself up to jurisdiction. And I think that this is sort of a muddling of two different... It was an overstate. Well, I think it's a muddling of concepts that I think underlies both the arguments that the trustee and Mr. Bailey... The filing of the proof of claim provides the groundwork for determining what a reasonable service of an adversary complaint would entail. I don't think that it does, Your Honor, because it's not... So the trustee has to ignore the proof of claim and do whatever independent research would be required to sue a third-party adversary? I think that the proof of claim might be relevant to that analysis, but I don't think it's the end of the analysis because... I don't think that's all that you can do, and I don't think it's a whole lot of New York State research. You don't have to get on the telephone. Well, and I think what the trustee did was the trustee pulled the record from the Secretary of State's website, looked at it, saw a name, and used that name. But she disregarded what that printout said about what that person's role was in the service of process. It didn't say that he was a registered agent for service of process. This is how we serve them? This is how we serve them? It said that he would be the person who would receive service of process if it was done through the New York Secretary of State. So is the claim that a failure to follow bankruptcy rules of service an event that renders the judgment void under 60B-4? Yes, Your Honor. And not merely the due process question. Isn't that correct? Correct, Your Honor. The general due process. Correct, Your Honor. Well, that was a question I'd asked earlier. Yes, and that's my understanding is that when a party serving a complaint fails to follow the rules for serving a person and the service is improper, the court Even if what happened might have been in a rule that would satisfy due process. I think that's correct, Your Honor. I think there is a distinction that's made there. That's interesting. And that if there is no, if the party has not been brought before the court's authority by proper process of service and proper service of process, then they're Under what? The 14th Amendment or the bankruptcy? Under the bankruptcy rules. Or both. I think it has to be proper under both, but I think being improper under either would be sufficient. Thank you. Thank you. Thank you, counsel. Casey. It's been well briefed and argued. Thank you all very much. Yeah, interesting, interesting issue and we will take it under advisement.